IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**GREGORY L. WILSON**                                                                                    **PLAINTIFF**

**VS.**                                                                           **CIVIL ACTION NO. 3:06CV175WA**

**SHERIFF MALCOLM E. MCMILLIN**                                                             **DEFENDANT**

### OMNIBUS ORDER

The parties appeared and participated in an omnibus hearing before the undersigned United States Magistrate Judge on the 26th day of February, 2007, at the James O. Eastland Federal Courthouse in Jackson, Mississippi. The Plaintiff appeared *pro se*, and the Defendant was represented by attorney Allen McDaniel. The court scheduled this hearing for the combined purposes of conducting a *Spears*[1] hearing, a scheduling/case management hearing, a discovery conference, and a pretrial conference. The court conducted this hearing in an attempt to insure the just, speedy and inexpensive determination of this *pro se* prisoner litigation. After due consideration of the issues involved in this case and the requests for discovery, the court does hereby find and order as follows:

1. **JURISDICTION AND SUMMARY OF CLAIMS**

Jurisdiction of this case is based upon 42 U.S.C. § 1983. Additionally, during the hearing, the parties executed a Consent to the Exercise of Jurisdiction by a United States Magistrate Judge. The Plaintiff claims that he began incarceration at the Hinds County Detention Center in January, 2006, with numerous medical problems, which were not adequately treated during his stay there,

---

[1] *See,* Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).

which ended in April, 2006. Specifically, Wilson claims to be disabled and to suffer from spinal problems, heart problems, and leukemia. When he entered the Hinds County Detention Center, officers took his cane and his medication. Ultimately, he alleges that saw an optometrist who said he would go blind if he didn't get leukemia medicine. He also saw a cancer doctor, who had scheduled an MRI for him; however, he was moved before the MRI could take place. Wilson claims that he had to buy glasses from another inmate. He also testified that he was in pain every day at Hinds County, but could not get pain medication. He said that, when he was taken to see the doctor, there was often no doctor available or long lines to see the doctor, and he would miss his meals while waiting. Wilson left Hinds County in April; he was housed in the medical unit at the Central Mississippi Correctional Facility, but has been recently moved to the Mississippi State Penitentiary at Parchman.

2. **DISCOVERY ISSUES and PENDING MOTION**

The Defendants provided Wilson's medical records at the hearing, which were admitted as an exhibit. These records will be retained by the court for use at trial. There are no other discovery matters pending, except for those set forth herein. The discovery matters set forth herein will fairly and adequately develop the issues to be presented to the court, and no other discovery is deemed reasonable or appropriate considering the issues at stake in this litigation. *See* Federal Rules of Civil Procedure 26(b)(1).

3. **TRIAL WITNESSES**

The Plaintiff requested that the following witnesses, thought to be incarcerated in the custody of the MDOC, be brought to testify on his behalf at the trial of this matter:

1. Christopher Jones
   Hinds County Detention Center
   Raymond, Mississippi

2. Jessie Shaft, Jr.
   Hinds County Detention Center
   Raymond, Mississippi

3. LaRenzo ?
   Hinds County Detention Center
   Raymond, Mississippi

The Plaintiff did not have the prison numbers or current location of these inmates, all of whom Wilson claims were his roommates. The Defendants shall be ordered to check their records and report to the court whether any of these prisoners can be identified and their current locations ascertained. As an alternate, if any of these witnesses cannot be located, is another inmate whose first name is "Jeremiah" and who has one arm. The court orders that subpoenas *ad testificandum* issue for these persons for the trial of this cause, as long as they are still in the custody of MDOC at the time.

The court advises the Plaintiff that he may call any free world witnesses, but that it will be his responsibility to secure any free world witnesses' voluntary presence at the trial of this cause, or at least 10 days prior to trial, he may submit to the clerk's office the $40.00 witness fee for each witness along with the complete address of where the witness can be found, so that the United States Marshals Service can subpoena said witness for the Plaintiff.

4. **PRETRIAL CONFERENCE, PRETRIAL ORDER, AND TRIAL SETTING**

This conference shall stand in lieu of a pretrial conference, and this order shall stand in lieu of a pretrial order.

IT IS HEREBY ORDERED that the deadline for filing motions in this matter is April 30, 2007.  The information required to be produced by the Defendants as to the inmate witnesses shall also be provided by that date.  The trial of this action will be set after the resolution of all motions.

IT IS SO ORDERED, this the 20th day of March, 2007.

S/Linda R. Anderson<br>UNITED STATES MAGISTRATE JUDGE